UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY PATU,

    Plaintiff,

  v.

PIERCE COUNTY JAIL STAFF,

    Defendant.

CASE NO. 3:16-CV-05196-BHS-JRC

ORDER TO SHOW CAUSE

  The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

  Plaintiff Ricky Patu has filed an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkts. 1, 3. Plaintiff alleges that the Pierce County Jail violated his Eighth Amendment rights when he was not provided with a shower and medical care after he vomited and defecated on himself. Dkt. 1 at 3.

  Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be

precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of court records from this District shows that at least three of the cases that plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim.

This court may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The first strike occurred in *Patu v. Albert,* Case No. 14-765 MJP, and plaintiff's case was dismissed for failure to state a claim pursuant to §1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. The second strike occurred in *Patu v. Lee, et al.,* Case No. 15-5332 RJB, and plaintiff's case was dismissed with prejudice for failure to state a claim. *See* Dkts. 14 and 17 in Case No. 15-5332 RJB. The third strike occurred in *Patu v. Albert,* Case No. 15-722 RSM, and plaintiff's case was dismissed for failure to state a claim. *See* Dkts. 11, 13-14 in Case No. 15-722 RSM. The fourth strike occurred in *Patu v. Bennett,* Case No. 15-775 JCC, and plaintiff's case was dismissed for failure to state a claim. *See* Dkts. 15, 16 in Case No. 15-775 JCC.

Thus, plaintiff may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on July 6, 2015. *See* 28 U.S.C. § 1915(g). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious

diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

In his complaint, plaintiff alleges that he was denied medical care and a shower when he vomited and defecated on himself. Dkt. 1 at 3. However, plaintiff makes no allegation that he was under "imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d at 1053. Plaintiff should plead specific facts, if any, related to his particular and continuing injury, and facts related to whether or not defendants knew of the particular harm and failed to address the harm. If he is able to allege such facts, then he may qualify for § 1915(g)'s exception to the three-strikes bar. *See Austin v. Manuma,* 2012 WL 1435690, at *2 (D. Haw. Apr. 25, 2012).

Therefore, IT IS ORDERED that plaintiff shall show cause by May 27, 2016 why his application to proceed *in forma pauperis* should not be denied. Failure to do so will be construed as plaintiff's consent to dismissal of this action without prejudice for failure to comply with the filing fee requirements of 28 U.S.C. §§ 1914 and 1915.

In the alternative, plaintiff may pay the $400.00 filing fee for this action by May 27, 2016. Plaintiff is advised that if he elects to pay the $400.00 filing fee and proceed with this action, the Court will address the deficiencies of his complaint in a separate order.

Dated this 26th day of April, 2016.

J. Richard Creatura
United States Magistrate Judge