UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY PATU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY JAIL STAFF,<br><br>　　　　　　Defendant. | CASE NO. 3:16-CV-05196-BHS-JRC<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING INSTITUTION TO CALCULATE, COLLECT, AND FORWARD PAYMENTS |

　　　　The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

　　　　The Court finds plaintiff may proceed with this complaint without prepayment of the full filing fee, based on a plausible allegation that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on March 14, 2016. *See* 28 U.S.C. § 1915(g).

　　　　Plaintiff Ricky Patu has filed an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkts. 1, 3. Plaintiff alleges that the Pierce County Jail violated his Eighth Amendment rights when he was not provided with a shower and medical care after he vomited and defecated on himself. Dkt. 1 at 3. On April 26, 2016, the Court

ORDER GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING INSTITUTION TO CALCULATE,
COLLECT, AND FORWARD PAYMENTS - 1

ordered plaintiff to show cause by May 27, 2016 as to why his application to proceed *in forma pauperis* should not be denied or pay the full $400.00 filing fee. Dkt. 6. Plaintiff was asked to plead specific facts, if any, related to his particular and continuing injury, and facts related to whether or not defendants knew of the particular harm and failed to address the harm in order to qualify for § 1915(g)'s exception to the three-strikes bar. *See Austin v. Manuma,* 2012 WL 1435690, at *2 (D. Haw. Apr. 25, 2012). *Id*. at 3.

On May 23, 2016, plaintiff filed a response to the order to show cause. Dkt. 7. In his response, plaintiff requests the Court to grant his IFP request because he has "had blood coming out of my stools and had informed W.S.P. staff and medical staff as well." *Id*. at 1. Plaintiff further asserts that "Sheryl Albert has denied me to see a stomach specialist twice, despite me [sic] experience bloatness [sic] pain, discomfort nausea and severe constipation for 12 years." *Id*.

"[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

The Court, having reviewed plaintiff's response to the show cause order and application to proceed *in forma pauperis*, hereby finds and ORDERS as follows:

(1) Plaintiff's declaration indicates that he is unable to afford the Court's filing fee or give security therefore. Accordingly, plaintiff's application to proceed *in forma pauperis* (Dkt.

ORDER GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING INSTITUTION TO CALCULATE,
COLLECT, AND FORWARD PAYMENTS - 2

5) is GRANTED. As set forth below, an initial partial filing fee will be collected, and plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

(2) Pursuant to 28 U.S.C. § 1915, and plaintiff's approved application to proceed *in forma pauperis*, the agency having custody of the above-named plaintiff is directed to calculate an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the Clerk of Court as soon as practicable.

Subsequently, if the prisoner's account exceeds $10.00, each month the agency having custody of the prisoner is directed to collect and forward payments equal to 20 percent of the prisoner's preceding month's income credited to the prisoner's account. In the event that the monthly payment would reduce the prisoner's account below $10.00, the agency should collect and forward only that amount which would reduce the prisoner's account to the $10.00 level. Please note that this $10.00 limit does not apply to the initial partial filing fee described above. Finally, the monthly payments should be collected and forwarded to the Court until the entire filing fee ($350.00) for this matter has been paid.

(3) The Clerk is directed to send a copy of this Order to plaintiff, to the financial officer of this Court, and to the agency having custody of plaintiff.

Dated this 10th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING INSTITUTION TO CALCULATE,
COLLECT, AND FORWARD PAYMENTS - 3