UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY PATU,<br><br>            Plaintiff,<br><br>     v.<br><br>PIERCE COUNTY JAIL STAFF,<br><br>            Defendant. | CASE NO. 3:16-CV-05196-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: NOVEMBER 18, 2016 |

This 42 U.S.C. § 1983 civil rights matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Before the Court is defendant's motion for more definite statement and/or motion to dismiss based on statute of limitations (Dkt. 15) and defendant's motion to vacate order on IFP (Dkt. 18). Plaintiff has not responded to either of defendant's motions. *See* Dkt.

The Court recommends granting defendant's motion to dismiss because this is plaintiff's second complaint regarding these identical allegations, and his first complaint was dismissed with prejudice. This case suffers the same deficiencies as his prior case. Therefore, the Court

recommends that the case be dismissed with prejudice. The Court recommends denying all other pending motions as moot.

## PROCEDURAL HISTORY

On March 14, 2016, plaintiff filed his civil rights complaint against defendant "Pierce County Jail Staff." Dkts. 1, 4, 5. On April 26, 2016, the Court ordered plaintiff to show cause why the Court should give him leave to file this lawsuit as he has three prior strikes for filing lawsuits that have been dismissed as frivolous or for failure to state a claim. Dkt. 6.

Plaintiff responded to the Court's Order to Show Cause and alleged that he has "blood coming out of [his] stools and had informed W.S.P. staff and medical staff as well." Dkt. 7 at 1. Plaintiff alleged, "I swear, that I am under imminent danger because my kites to W.S.P. medical personell [sic] prove so." Dkt. 7 at 2. Based on plaintiff's response, the Court granted plaintiff's application to proceed *in forma pauperis* as he had demonstrated he was in imminent danger. Dkt. 8. The Court directed service of plaintiff's complaint on July 25, 2016. Dkt. 10.

On September 8, 2016, defendant filed his motion for more definite statement and/or dismiss based on statute of limitations. Dkt. 15. In support of this motion, defendant submitted the declaration of defense counsel Brent Hyer and copies of the Pierce County Detention and Corrections Center Information report for plaintiff, plaintiff's warrant of commitment and judgment and sentence, and plaintiff's state court claim for damages. Dkt. 16 at Exhibits A, B, C.

The same day, defendant filed a motion to vacate the Court's order on IFP. Dkt. 18. In support of this motion, defendant again submitted copies of the Pierce County Detention and Corrections Center Information report for plaintiff and the Department of Corrections ("DOC") inmate search results for plaintiff. Dkt. 19 at Exhibits A, B.

Plaintiff has failed to respond to either of defendant's motions. *See* Dkt.

|    |                                                                                           |
|----|-------------------------------------------------------------------------------------------|
| 1  | FACTS ALLEGED IN PLAINTIFF'S COMPLAINT                                                    |

## FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff alleges that his Eighth Amendment rights were violated when defendant Pierce County Jail failed to provide a shower and medical services after plaintiff vomited and defecated on himself. Dkt. 9 at 3. Plaintiff does not allege the date that the alleged violations occurred. *See* Dkt. 9. According to plaintiff's complaint, he is currently housed at Washington State Penitentiary. Dkt. 9.

## STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See, Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

1              MATERIALS FOR CONSIDERATION

2       Normally, if the parties submit matters outside the pleadings, the Court must convert a
3   motion from a motion to dismiss to a motion for summary judgment.  *See*, Fed. R. Civ. P. 12(d).
4   However, the Court may take judicial notice of certain facts.  *See. U.S.* v. 14.02 Acres of Land
5   More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008).  Thus, the Court's
6   consideration of the Pierce County public records from plaintiff's incarceration at Pierce County
7   Jail and prior court proceedings does not convert defendant's motion to dismiss to a motion for
8   summary judgment.  *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d
9   1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other matters of
10  public record, as such documents "are not subject to reasonable dispute").

11                       DISCUSSION

12      An inmate such as plaintiff may bring an action for violation of his constitutional rights
13  under 42 U.S.C. § 1983 if he can show that (1) a state actor (2) violated his constitutional rights.
14  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  However, based on the facts
15  alleged in his complaint, plaintiff fails to state a viable claim for relief under § 1983.

16      A.  Duplicative Complaint

17      An *in forma pauperis* complaint that merely repeats pending or previously litigated
18  claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e).[1] *Cato v. United*
19  *States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); *see also McWilliams v. State of Colorado,* 121
20  F.3d 573, 574 (11th Cir.1997) (repetitious action may be dismissed as frivolous or malicious);
21  *Aziz v. Burrows,* 976 F.2d 1158 (9th Cir.1992) ("district courts may  dismiss a duplicative

---

[1] The Court notes that although defendant does not raise this issue in their motion to dismiss, the Court may *sua sponte* dismiss a duplicative complaint under § 1915.

1  complaint raising issues directly related to issues in another pending action brought by the same
2  party"); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (repetitious litigation of virtually
3  identical causes of action is subject to dismissal as malicious). *See also Adams v. California*
4  *Dept. of Health Services,* 487 F.3d 684, 688 (9th Cir.2007). "Plaintiffs generally have 'no right
5  to maintain two separate actions involving the same subject matter at the same time in the same
6  court and against the same defendant.' " *Id.* (*quoting Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d
7  Cir.1 1977) (en banc)). "[A] suit is duplicative if the claims, parties, and available relief do not
8  significantly differ between the two actions." *Id.* at 689. *Higgins v. Medina*, 2007 WL 4258362,
9  at *1 (E.D. Cal. Dec. 3, 2007) (dismissing duplicative complaint); *Brogdon v. Phoenix Police*
10 *Dep't,* 2011 WL 6820153, at *2 (D. Ariz. Dec. 28, 2011) (same).

11       This is plaintiff's second complaint regarding these same allegations.  Plaintiff brings the
12 same cause of action against the same defendants in the same court, using the same language.
13 *See* Dkt. 9; Dkt. 7 in Case No. 3:15-cv-05332-RJB-KLS. Plaintiff has not provided any reason
14 for filing a duplicative case.

15       Plaintiff previously brought these same claims in this Court and those claims were
16 dismissed with prejudice. *See* Dkts. 9, 13, 20, 26, 29 in Case No. 3:15-cv-05332-RJB-KLS. His
17 first complaint was filed in May 2015, *Patu v. Alexander et al.,* Case No. 3:15-cv-05332-RJB-
18 KLS. In that case, the Court declined to serve plaintiff's complaint because plaintiff had failed to
19 plead facts sufficient to state a claim for relief under 42 U.S.C. § 1983.  Dkt. 6 in Case No. 3:15-
20 cv-05332-RJB-KLS.  However, plaintiff was granted leave to file an amended complaint to cure,
21 if possible, the deficiencies noted.  *Id.*  Plaintiff was instructed that his claims against the Pierce
22 County Jail were not legally cognizable and was directed to show cause why his allegations of
23 conduct occurring in 2009 should not be dismissed as untimely.  *Id.*

24

1   Although plaintiff was granted an opportunity to file an amended complaint, plaintiff's
2   amended complaint did not deny that he had notice in 2009 of the claims and only responded that
3   the Court should not apply the statute of limitations to his claim. Dkt. 7 in Case No. 3:15-cv-
4   05332-RJB-KLS. Plaintiff failed to provide any legal or factual grounds for any exception under
5   the statute of limitations.

6   On June 29, 2015 plaintiff's complaint in Case No. 3:15-cv-05332-RJB-KLS was
7   dismissed with prejudice and the dismissal was counted as a "strike" under 28 U.S.C. § 1915(g).
8   *See* Dkts. 7, 9, 13 in Case No. 3:15-cv-05332-RJB-KLS. Plaintiff filed an appeal with the Ninth
9   Circuit Court of Appeals, which was dismissed for failure to respond to the court's order on June
10  15, 2016. Dkts. 20, 26, 29 in Case No. 3:15-cv-05332-RJB-KLS.

11  In this case, plaintiff filed a complaint that suffers from the same deficiencies as the
12  complaint that was dismissed with prejudice in Case No. 3:15-cv-05332-RJB-KLS. Plaintiff's
13  complaint should be dismissed with prejudice and the dismissal counted as a strike under 28
14  U.S.C. § 1915(g).

15  B.  Statute of Limitations

16  Even if plaintiff's complaint was not duplicative of his prior case, his claims are time-
17  barred. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the
18  statute of limitations from the state cause of action most like a civil rights act is used. In
19  Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th
20  Cir.1981); RCW 4.16.080(2).

21  Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d
22  987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the
23  injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see
24

REPORT AND RECOMMENDATION - 6

1  also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The

2  proper focus is upon the time of the discriminatory acts, not upon the time at which the

3  consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209

4  (9th Cir.1979).

5        In his complaint, plaintiff alleges that was denied a shower and medical services after he

6  felt sick and vomited and defecated over himself. Dkt. 9. Notably, he omits all reference to when

7  the alleged conduct occurred. *See id.*

8        Based on the information submitted by defendants, plaintiff has not been incarcerated at

9  Pierce County Jail since 2010. Plaintiff was booked into the Pierce County Jail on April 27,

10  2009, and released to the Washington State Department of Corrections on December 21, 2010.

11  Dkt. 16; Hyer Decl., Ex. A, (Pierce County Detention and Corrections Center Information Report

12  for Solomona Rick Patu). Plaintiff was sentenced to 240 months in prison and is now

13  incarcerated at WSP. Dkt. 16; Hyer Decl., Ex. B, (State of Washington v. Solomona Rick Patu,

14  Cause No. 09-1-02206-4, Warrant of Commitment).

15        Defendant also located a prior claim for damages with approximately the same

16  allegations as plaintiff is making in this complaint: "I woke up around 1:00 am and vomited (sic)

17  and deficated (sic) all over myself." Dkt. 16, Hyer Decl., Ex. C, (Claim for Damages, Pierce

18  County, Solomona Rick Patu, Jr.). This claim for damages was received by Pierce County Risk

19  Management on March 13, 2012, but the alleged date of the incident was June 12, 2009. *Id*.

20        Based on the dates of plaintiff's incarceration at Pierce County Jail and his previously

21  filed state court case, plaintiff had actual notice in 2009 of the facts relating to the claims he

22  seeks to pursue in this action. Plaintiff had until 2012 to file his action. Plaintiff provides no legal

23

24

REPORT AND RECOMMENDATION - 7

or factual grounds for any exception to the statute of limitations and therefore, the complaint should be dismissed as untimely.

## LEAVE TO AMEND COMPLAINT

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Plaintiff has filed a second complaint that suffers from the same deficiencies as the complaint that was previously dismissed with prejudice. It is clear that the deficiencies in plaintiff's complaint cannot be cured by further amendment. Accordingly, the Court concludes that it is not required to grant him further leave to amend.

## CONCLUSION

The Court recommends dismissal of this action for failure to state a claim and all pending motions should be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **November 18, 2016**, as noted in the caption.

Dated this 24th day of October, 2016.

_J. Richard Creatura_
J. Richard Creatura
United States Magistrate Judge